**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **LAKETIA WILLIAMS CURRY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | **1:13-cv-00960-WSD** |
| | : | |
| **SOUTHERN REGIONAL** | : | **[Magistrate Judge Baverman]** |
| **HOSPITAL and EMORY** | : | |
| **UNIVERSITY CLINIC,** | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, submitted an affidavit to proceed *in forma pauperis* ("IFP") and her complaint on March 25, 2013. [Doc. 1]. The undersigned reviewed her application and found that the Court cannot consider the application because Plaintiff, who is a minor, cannot be represented in this action by her mother, Debra Curry, who is not a lawyer. [Doc. 2]. Accordingly, on March 27, 2013, the undersigned entered an Order holding the application to proceed IFP in abeyance for thirty days, pending Plaintiff's hiring an attorney licensed to practice in this Court. [*Id*. at 4]. The Order also expressly advised Plaintiff that if Plaintiff did not hire an attorney within thirty days, the undersigned would recommend to the District Court that

AO 72A
(Rev.8/82)

the action be dismissed without prejudice. [*Id*. at 4-5]. More than six weeks have passed, and Plaintiff has not complied with the Order or otherwise responded. [*See* Dkt.].

The Local Rules authorize the Court to dismiss a civil case for want of prosecution if the plaintiff, after notice, fails to obey a lawful order. LR 41.3(A)(2), NDGa. As noted above, Plaintiff has not complied with the Court's March 27 Order, nor has she made any attempt to explain her failure to comply or to request an extension of time. [*See* Dkt.].

A district court may dismiss a complaint for failure to comply with a court order or the federal rules. *Skillern v. Georgia Dep't of Corrs. Comm'r*, 379 Fed. Appx. 859, 860 (11th Cir. May 17, 2011). *See* Fed. R. Civ. P. 41(b); LR 41.3A(2), NDGa; *see also McIntosh v. Gauthier*, 182 Fed. Appx. 884, 886 (11th Cir. May 17, 2006) (stating that Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint for failure to comply with a court order, with the federal rules, or with the local rules); *Sussman v. Salem, Saxon, and Nielson*, 154 F.R.D. 294, 300 (M.D. Fla.1994) (dismissal appropriate for failure to obey a direct order of the court). "Dismissal is generally not an abuse of discretion when the litigant has been forewarned." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir.



AO 72A
(Rev.8/82)

1999); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (same). *Sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).

Because dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) (citing a line of Eleventh Circuit cases that have consistently articulated this standard).

Plaintiff has failed to comply with a lawful order of the court, despite the fact that she was granted thirty days to comply and even more time has elapsed since the deadline to comply with the order. The Court concludes that Plaintiff's failure to comply with the Court's order is not mere negligence. *See Beavers v. American Cast Iron Pipe Co.*, 852 F.2d 527, 531 (11th Cir. 1988) ("A finding of such extreme



AO 72A
(Rev.8/82)

circumstances necessary to support the sanction of dismissal must, at a minimum be based on evidence of willful delay; simple negligence does not warrant dismissal.”).

In addition, the Court has considered lesser sanctions. Again, the Court gave Plaintiff an entire month to hire an attorney and waited an additional two weeks for Plaintiff to comply or respond to its Order before entering this Report and Recommendation. Most *pro se* plaintiffs in Plaintiff’s position comply or advise the Court of either a misunderstanding of their legal obligations, or proffer some, usually personal, reason why compliance with the directives of the Court could not be fulfilled. The Court almost always extends the time within which a *pro se* litigant had to comply with the directives of the court. Plaintiff’s failure to explain why she did not comply with an order of the court undercuts giving her another opportunity to comply as a viable alternative to dismissal.

The Court also has considered monetary sanctions, but given Plaintiff’s requested IFP status, that likely is an illusory punishment. Moreover, since at issue is Plaintiff’s failure to abide by lawful directive of the court, monetary penalties will not redress her failure.



AO 72A
(Rev.8/82)

Accordingly, the undersigned **RECOMMENDS** that, pursuant to Local Rule 41.3(A)(2), NDGa, Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 15th day of May, 2013.

**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**



AO 72A
(Rev.8/82)