IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAKETIA WILLIAMS CURRY,

     **Plaintiff,**

v.

SOUTHERN REGIONAL
HOSPITAL and EMORY
UNIVERSITY CLINIC,

     **Defendants.**

1:13-cv-960-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [3] ("R&R") and Plaintiff's "Motion for Reconsideration" [5].

### I. BACKGROUND

On March 25, 2013, Debra Curry ("Ms. Curry"), proceeding *pro se*, filed an application seeking leave to file *in forma pauperis* a complaint on behalf of her daughter Laketia Williams Curry ("Laketia").[1] On March 27, 2013, after reviewing the application, Magistrate Judge Baverman issued an order [2] (the

---

[1] The Court refers to Laketia as "Plaintiff" in her capacity as the party in this action.

"March 27th Order") finding that Ms. Curry, a non-attorney, could not represent her daughter in this action, and he ordered Plaintiff to hire, within thirty days, an attorney to represent Laketia.

On May 15, 2013, an attorney had not appeared in this action, and no response had been filed to the March 27th Order. Judge Baverman thus issued his R&R recommending that this action be dismissed without prejudice based on Plaintiff's failure to obey the March 27th Order.

On June 5, 2013, Plaintiff filed, *pro se*, her Motion for Reconsideration stating that an attorney has now been retained and asking that this action not be dismissed. No attorney subsequently has appeared in this action.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation,

a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

Even if the Court construes the Motion for Reconsideration as an objection the R&R, Plaintiff has not objected to Judge Baverman's finding that Ms. Curry and Laketia failed to obey the March 27th Order or to his conclusion that this action is thus subject to dismissal.  The Court does not find plain error in these findings.  See LR 41.3(A), NDGa (authorizing the Court to "dismiss a case for want of prosecution if . . . [a] plaintiff . . . shall . . . fail or refuse to obey a lawful order of the court in the case").

In the Motion for Reconsideration, Plaintiff states that she has hired an attorney, and she requests thirty (30) days to allow her attorney to review the papers in this case.  In the four (4) months since Plaintiff made this representation to the Court, no attorney has made an appearance.  Because Plaintiff is required to be represented, this action cannot proceed, and the Motion for Reconsideration is required to be denied.  See 28 U.S.C. § 1654 (providing that parties may represent themselves personally or by counsel); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to

other parties or entities.").[2]

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [3] is **ADOPTED**. This action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration [5] is **DENIED**.

**SO ORDERED** this 11th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court further notes that the Court appears to lack subject matter jurisdiction over this matter. Plaintiff's Complaint asserts only state law causes of action, and the Court could have only diversity jurisdiction over it. See 28 U.S.C. § 1332(a). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. Id. The Complaint does not show either that the amount in controversy exceeds $75,000 or that the parties are of diverse citizenship. For this additional reason, this action is required to be dismissed without prejudice. See Travaglio v. Am. Express Co., No. 11-15292, 2013 WL 4406389, at *2–3 (11th Cir. Aug. 19, 2013) (publication pending).